S. W. O'Brien, Former Executor of Estate of Samuel Roy Haw-
thorne, Deceased, and the Liquidator of the Community
Property of the Conjugal Partnership of the Late Samuel
Roy Hawthorne and His Deceased Wife, Ethel M. Haw-
thorne; Fred W. Hawthorne, Orrin B. Hawthorne and
Myrtle Hawthorne Hughes, Duly Represented by Fred W.
Hawthorne, Their Attorney-in-Fact, as the Heirs of the Said
Samuel Roy Hawthorne, Deceased, under His Last Will and
Testament, and Claus J. Lambrecht and Anna P. Lambrecht,
as the Heirs-at-Law of the Said Ethel M. Hawthorne,
Deceased, Petitioners, v. Commissioner of Internal Revenue,
Respondent.

Docket No. 97365. Promulgated July 27, 1939.

*Clark J. Milliron, Esq.*, for the petitioners.
*F. M. Woolf, Esq.*, for the respondent.

#### OPINION.

Black: This proceeding is before us on the respondent's motion
to dismiss for lack of jurisdiction. For the purposes of this motion,
the facts as alleged in the petition are taken as true, and only those
facts which are necessary to a proper disposition of the motion will be
noted here.

Samuel Roy Hawthorne, hereinafter sometimes referred to as the
decedent, died November 16, 1936, a citizen of the United States and a
resident of the city of Manila, Philippine Islands. At the time of his
death he had no property situated in the United States.

On August 2, 1922, the decedent and Ethel M. Lambrecht were
married in Richmond, California. They lived together as husband
and wife until May 11, 1931, when Ethel died in the city of Manila,
leaving as her only heirs at law her father and mother, Claus J. Lam-
brecht and Anna P. Lambrecht, and her husband to the extent of his
usufructuary right in one-third of her intestate estate, under the pro-
visions of the Civil Code in force in the Philippines.

During their marriage the decedent and his wife acquired by their own efforts community property of the value of about 132,500 pesos, and upon the death of Ethel all of this property passed into the hands of her husband and was administered and profitably used, invested, and reinvested by him up to the time of his death on November 16, 1936, together with the income therefrom, without any liquidation and settlement thereof being made by him with the other heirs of his wife.

In his will the decedent gave, devised, and bequeathed to each of the parents of his deceased wife one-fifth of the property held by him at the time of his death, in lieu of their interest as heirs at law in the intestate estate of his wife, but the parents would not accept such testamentary disposition, and elected to have and receive their rightful share under the Philippine law.

Upon the death of the decedent, the Court of First Instance of Manila duly appointed S. W. O'Brien the executor of the decedent's estate under his last will and testament, and as such he took over, liquidated, and distributed the community property of the conjugal partnership of the decedent and his wife, with the consent and agreement of all the parties interested therein and with the express approval of the court.

On or about December 17, 1937, S. W. O'Brien filed under protest a Federal estate tax return showing a Federal estate tax due in the amount of $2,315.54, which was paid under protest. At the same time he caused the heirs of the decedent's estate, namely, Fred W. Hawthorne, Orrin B. Hawthorne, and Myrtle H. Hughes to file a claim for refund of the entire tax paid in the amount of $2,315.54, which claim was rejected by the Commissioner in a separate letter addressed to "S. W. O'Brien, Executor," dated December 6, 1938.

On November 22, 1937, S. W. O'Brien was discharged by the Court of First Instance of Manila, and the estate was declared closed and filed as of that date. O'Brien did not notify the Commissioner of this discharge.

On December 6, 1938, the Commissioner mailed a deficiency notice to "S. W. O'Brien, Executor Estate of Samuel Roy Hawthorne, P. O. Box 703, Manila, Philippine Islands," advising him of a deficiency in Federal estate tax of the estate of Samuel Roy Hawthorne in the amount of $20,998.35. On March 6, 1939, a petition, captioned the same as the caption of this opinion, was filed contesting the entire deficiency and asking for a refund of $2,315.54, the amount already paid.

Paragraph I of the petition alleges jurisdictional facts as follows:

That the petitioner, S. W. O'BRIEN, was formerly and up to the time of the closing of said estate by the Probate Division of the Court of First Instance of Manila the duly appointed, qualified and acting executor of the estate of Samuel Roy Hawthorne, deceased, and the liquidator under the laws of the Philippines of the community property of the conjugal partnership of the late Samuel Roy

Hawthorne and his deceased wife, Ethel M. Hawthorne, and is a resident of the City of Manila, Philippines; that the petitioners, FRED W. HAWTHORNE, who resides in the City of Manila, Philippines, ORRIN B. HAWTHORNE and MYRTLE HAWTHORNE HUGHES, who reside in the City of Saint Louis, in the State of Missouri, are the heirs of the said Samuel Roy Hawthorne, deceased, under his last will and testament, and the said Orrin B. Hawthorne and Myrtle Hawthorne Hughes are duly represented by the petitioner, Fred W. Hawthorne, their attorney-in-fact; and that the petitioners, CLAUS J. LAMBRECHT and ANNA P. LAMBRECHT, are the heirs-at-law of the said Ethel M. Hawthorne, the deceased wife of the said Samuel Roy Hawthorne, and reside in Richmond, State of California;

The respondent has filed a motion to dismiss for lack of jurisdiction "for the reason that the petition has not been filed by the taxpayer to whom the notice of deficiency was mailed * * *."

Section 308 (a) of the Revenue Act of 1926, as amended by section 501 of the Revenue Act of 1934, provides in part as follows:

SEC. 308. (a) If the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the *executor* by registered mail. Within 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the *executor* may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. [Italics supplied.]

In Title III of the 1926 Act, Congress defines the term "executor" as follows:

SEC. 300. When used in this title—

(a) The term "executor" means the executor or administrator of the decedent, or, if there is no executor or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent;

    *         *         *         *         *         *         *

The same title of the same act also provides:

SEC. 315. (a) Unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of decedent * * *.

S. W. O'Brien was the duly appointed and qualified executor of the estate of Samuel Roy Hawthorne, but he is no longer acting in that capacity. He was discharged by the Court of First Instance of Manila on November 22, 1937. No allegation is made in the petition that, under the law of the jurisdiction where he was formerly acting, he any longer has the authority to act for the estate. Cf. *Olsen* v. *Helvering*, 88 Fed. (2d) 650; *Hulburd* v. *Commissioner*, 296 U. S. 300.

The persons now in actual or constructive possession of decedent's property are the heirs of the decedent, to wit, Fred W. Hawthorne, Orrin B. Hawthorne, and Myrtle Hawthorne Hughes. These are the persons who now come within the term "executor" as defined in section 300 (a), *supra*, and referred to in section 308 (a), *supra*, and are the proper persons to file the petition. *Charles Hallock Whitehead*,

*Executor*, 24 B. T. A. 1111; affirmed on the merits, 64 Fed. (2d) 118; certiorari denied, 290 U. S. 690; *Waldemar R. Helmholz, Executor*, 28 B. T. A. 165; affirmed on the merits, 75 Fed. (2d) 245; 296 U. S. 93.

The fact that the respondent did not address the deficiency notice to these parties is not controlling, since the deficiency was determined against Samuel Roy Hawthorne, deceased, and the proper parties, representatives of the estate, have received the notice and have invoked the jurisdiction of this Board. *Haag* v. *Commissioner*, 59 Fed. (2d) 516. The case of *Ruth Mintz Sack*, 36 B. T. A. 595, relied upon by the respondent involved income taxes for the year 1934 rather than estate taxes and was not controlled by the sections of the statute which are controlling here. Since the respondent's notice was issued under section 308 (a), *supra*, rather than section 311 (a) (2) of the Revenue Act of 1938, and was not intended as any notice of the liability of a fiduciary under section 3467 of the Revised Statutes as amended by section 518 (a) of the Revenue Act of 1934, we are not called upon nor do we have jurisdiction to determine O'Brien's possible personal liability as a fiduciary under section 3467. Cf. *Newton H. Neustadter et al., Executors*, 15 B. T. A. 839; *Lillia L. Morris*, 36 B. T. A. 516.

We hold, therefore, that the Board does not have jurisdiction in so far as the petition pertains to S. W. O'Brien, because he is no longer acting in a fiduciary capacity for the estate and was not a beneficiary of decedent's will.

Petitioners Claus J. Lambrecht and Anna P. Lambrecht were made beneficiaries of decedent's will to the extent of one-fifth each of the property bequeathed and devised by the will, but they renounced the will and elected to take as the heirs of their deceased daughter, Ethel M. Hawthorne. No deficiency in estate tax has been determined against the estate of Ethel M. Hawthorne and we hold that, under the facts alleged in the petition, petitioners Claus J. Lambrecht and Anna P. Lambrecht are not "executors" of the estate of Samuel Roy Hawthorne, deceased, as defined by section 300 (a) of the Revenue Act of 1926, as amended, and are not proper parties to contest an estate tax deficiency determined against the estate of Samuel Roy Hawthorne. The petition and caption should be amended so as to conform to this opinion.

Reviewed by the Board.

> *An order will be entered dismissing the proceeding for lack of jurisdiction as to S. W. O'Brien, former executor of estate of Samuel Roy Hawthorne, and as to Claus J. Lambrecht and Anna P. Lambrecht, heirs at law of Ethel M. Hawthorne; and denying respondent motion to dismiss as to Fred W. Hawthorne, Orrin B. Hawthorne and Myrtle Hawthorne Hughes.*