Estate of Arthur J. Brandt, Deceased, Glenn C. Gillespie and Lucile M. Brandt v. Commissioner.
Estate of Arthur J. Brandt v. Commissioner
Docket No. 17440.
United States Tax Court
1948 Tax Ct. Memo LEXIS 196; 7 T.C.M. (CCH) 271; T.C.M. (RIA) 48074; May 10, 1948
Memorandum Sur Order On December 19, 1947, the respondent sent a notice of deficiency in estate tax in the amount of $74,237.42 to: Estate of Arthur J. Brandt, Mr. Glenn C. Gillespie and Mrs. Lucile M. Brandt, Executors, 1101 People State Building, Pontiac, Michigan
On March 4, 1948, petitioner was duly filed herein under the caption, "Estate of Arthur J. Brandt, Deceased, Glenn C. Gillespie and Lucile M. Brandt, Petitioners, v. Commissioner of Internal Revenue, Respondent." The petition alleges that decedent died May 30, 1944, that the notice of deficiency was mailed to the petitioners on December 19, 1947, and that the taxes in controversy are estate taxes in the amount of $74,237.22, all of which are in dispute. Six errors are then assigned as to the Commissioner's determination of the deficiency. *197 The facts alleged are that the petitioners, Glenn C. Gillespie and Lucile M. Brandt, were appointed and qualified as executors of the decedent's estate on July 18, 1944; that they filed their final account on November 29, 1945; that on December 31, 1945, their final account was approved by the probate court, Oakland County, State of Michigan; that they were thereupon discharged as executors; and that the estate was closed. It is further alleged that the respondent has asserted no personal liability against Glenn C. Gillespie and Lucile M. Brandt as fiduciaries under the provisions of section 3467 of the Revised Statutes. It is then stated that the petitioners believe the notice of deficiency to be defective and that they are improper parties to the action. The petition concludes with a prayer that the proceeding be dismissed, or that the Court take whatever action is necessary and proper under the circumstances. On April 13, 1948, the respondent herein filed a motion to dismiss the proceeding for the reason that the petition does not contain clear and concise numbered statements of fact upon which the petitioner relies as sustaining the assignments of error, as required by Rule *198 6 (e) of the Rules of Practice, and that the verification of the petition does not contain a statement that the fiduciaries signing and verifying have authority to act for the taxpayer, as required by Rule 6 (h). The respondent's motion was set down for hearing on May 5, 1948. It appears from the petition that the petitioners seek to have the proceeding dismissed for lack of jurisdiction on the ground that the petitioners were discharged as executors of the decedent's estate before the notice of deficiency was mailed. The allegations in the petition, however, are insufficient to show that the Court lacks jurisdiction. There is no showing whether the petitioners gave notice to the Commissioner of their discharge as executors, as required by section 901 of the Internal Revenue Code. See Estate of Nellie L. Rhodes, 44 B.T.A. 1315; Sanborn v. Commissioner, 108 Fed. (2d) 311. Nor does the petition show that Glenn C. Gillespie and Lucile M. Brandt are not, either as distributees or otherwise, in actual or constructive possession of any of the property of the decedent, so as to demonstrate that they would not still be "statutory executors" *199 within the meaning of section 930 (a) of the Code, notwithstanding their discharge by the local probate court. See S. W. O'Brien, Executor, 40 B.T.A. 280. The petition being insufficient to show that the petitioners are not proper parties to appear before this Court and prosecute the proceeding or that there is any lack of jurisdiction, the proceeding should not be dismissed on that ground. We do not construe the prayer of the petition as a motion to dismiss on any other ground, the effect of which would be to approve the Commissioner's determination of the deficiency. See section 1117 (d) of the Code. We think, however, that the respondent's motion to dismiss for failure of the petition to conform to the Rules of Practice should be denied, and that petitioners should be given leave to file an amended petition setting out specifically the facts upon which they rely in support of their assignments of error to conform with the Rules, or otherwise to move.