ESTATE OF GIULIA GUIDA, DECEASED, FAY M. DECKER, EXECUTRIX, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 594–77, 6396–77, 6442–77, 6446–77, 6937–77, 6938–77.　　　Filed February 27, 1978.

*Sidney Eagle,* for the petitioners.
*William F. Halley,* for the respondent.

TANNENWALD, *Judge:* This matter is before us on respondent's motion to dismiss and to require merger of appeal into a previously filed appeal[2] and petitioners' motions for judgment dismissing all notices of deficiency.

### FINDINGS OF FACT

The facts are not in dispute. The Estate of Giulia Guida consisted entirely of jointly held savings accounts and real property which passed to the surviving joint owners and devisees upon the decedent's death. No executor or administrator was ever appointed. Fay M. Decker executed and filed an estate tax return for the estate with the District Director of Internal Revenue in Holtsville, N. Y., designating herself as a 16 2/3-percent distributee. No notice of fiduciary relationship was given to the District Director.

On October 27, 1976, respondent mailed a statutory notice of deficiency to the Estate of Giulia Guida, Fay M. Decker,

---

[1]Cases of the following petitioners are considered herein: Estate of Giulia Guida, deceased, Evelyn Manghisi, executrix, docket No. 6396–77; Estate of Giulia Guida, deceased, Andrew T. Guida, executor, docket No. 6442–77; Estate of Giulia Guida, deceased, Terry Rosone, executrix, docket No. 6446–77; Camillo Guida, executor of the Estate of Giulia Guida, docket No. 6937–77; Estate of Giulia Guida, deceased, Mildred Guida, executrix, docket No. 6938–77.

[2]"Motion to require merger" is not a term found in the Tax Court Rules of Practice and Procedure. We assume that, by this motion, respondent seeks to have these cases joined and assigned one docket number.

executrix, at 89–11 63d Drive, Rego Park, N. Y. 11374, and mailed a duplicate original of the notice to the same taxpayer in care of Eagle & Fein, Esqs., the law firm shown on the estate tax return as the attorney representing the estate. On January 19, 1977, Fay M. Decker filed a timely petition captioned "Fay M. Decker, Executrix of the Estate of Giulia Guida," asserting that she was not the executirx or administratrix of the Estate of Giulia Guida and that the notice of deficiency was consequently void. On April 8, 1977, respondent issued duplicate original statutory notices of deficiency to all other recipients of property of the decedent, namely, Mildred Guida, Andrew T. Guida, Evelyn Manghisi, Terry Rosone, and Camillo Guida. Each notice was addressed to "Estate of Giulia Guida" followed by the name of a beneficiary and the designation "executor" or "executrix." All the beneficiaries filed timely petitions which were substantially identical to the petition filed by Fay M. Decker and were prepared by the same law firm.

## OPINION

Petitioners assert that section 6212[3] and the regulations under section 6903 require respondent to send statutory notices of deficiency to the decedent or to the transferees individually in cases, such as this, where no fiduciary has been appointed. Petitioners concede that if the notices of deficiency had been sent to them in their individual capacities as transferees, rather than as fiduciaries of the estate, the notices would have been valid. Respondent contends that petitioners are subject to liability as statutory executors under section 2203 and, as such, are the proper persons to receive notice of a deficiency under section 6212. We agree with respondent.

Section 6212(b)(3) provides in part that, in the absence of notice of a fiduciary relationship, a notice of deficiency is sufficient if addressed in the name of the decedent or other person subject to liability. See also sec. 301.6903–1(c), Proced. & Admin. Regs. Section 2002 imposes liability for estate taxes on the executor. Executor, for purposes of the estate tax, means "the executor or administrator of the decedent, or, if there is no executor or administrator appointed, qualified, and acting

---

[3] All section references are to the Internal Revenue Code of 1954, as amended and in effect during the period at issue, unless otherwise indicated.

within the United States, then *any person in actual or constructive possession of any property of the decedent.*" Sec. 2203. (Emphasis added.) Petitioners, as surviving joint tenants,[4] are persons in actual or constructive possession of the decedent's property and thus come within the statutory definition of executor; the fact that their property interests passed to them directly rather than as part of decedent's probate estate is immaterial. *Estate of Wilson v. Commissioner*, 2 T.C. 1059, 1083–1084 (1943). Cf. *Estate of Brandt v. Commissioner*, a Memorandum Opinion of this Court dated May 10, 1948. It follows that petitioners, in the capacity of statutory executors, come within the meaning of "other person[s] subject to liability" as used in section 6212 and that the notices of deficiency sent to them are valid and proper.

Relying on *Harold Patz Trust v. Commissioner*, 69 T.C. 497 (1977), petitioners contend that they cannot be treated as executors because there was no estate. That case, which held that trustees lack capacity to litigate in this Court after they distribute the trust assets because the trust no longer exists, is inapposite. First, *Harold Patz Trust* dealt with the authority of a former fiduciary and is analogous to cases where the appointed executor has been discharged rather than to this case where no executor has been appointed. See *O'Brien, Executor v. Commissioner*, 40 B.T.A. 280 (1939). Second, there is no provision, analogous to section 2203, which imposes fiduciary responsibility on distributees of trusts.

We think the proper procedural disposition of this case is to treat respondent's motion as a motion to consolidate all six cases under one docket number. Accordingly, rather than dismiss any of the petitions, we will join the cases into a single docket No. 594–77, bearing the caption Estate of Giulia Guida, Deceased, Fay M. Decker, Mildred Guida, Evelyn Manghisi, and Terry Rosone, Executrices, and Andrew T. Guida and Camillo Guida, Executors.

*An appropriate order will be entered.*

---

[4]The record is unclear as to whether the real property was so owned, but the parties seem to assume that it was and our decision herein is premised accordingly. We have treated Mildred Guida in the same manner as the other petitioners, although her name does not appear in the deficiency notice as a purported joint owner or otherwise.