ESTATE OF ERMA M. KISLING, DECEASED, WILLIAM L. KISLING, JR., AND JOHN W. KISLING AND ROSEMARY KISLING DOERR, PERSONAL REPRESENTATIVES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Kisling v. Commissioner
Docket No. 19743-91
United States Tax Court
T.C. Memo 1993-119; 1993 Tax Ct. Memo LEXIS 117; 65 T.C.M. (CCH) 2189; March 29, 1993, Filed *117 For petitioner: John L. Sullivan. For respondent: James A. Kutten. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to section 7443A(b) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case is before the Court on petitioner's Motion to Dismiss for Lack of Jurisdiction filed March 6, 1992. Respondent filed a Notice of Objection to petitioner's Motion to Dismiss for Lack of Jurisdiction on March 27, 1992. For reasons discussed in this Opinion, petitioner's Motion to Dismiss for Lack of Jurisdiction will be denied. The relevant facts are not in dispute. Erma M. Kisling (decedent) died testate on September 13, 1987. The decedent's estate is the petitioner. She was domiciled in St. Louis, Missouri, at the time of her death. Decedent was survived by three children: William L. Kisling, Jr., John W. Kisling, and Rosemary Kisling Doerr. On December 11, 1987, the Probate Division, Circuit Court, St. Louis County, Missouri duly appointed all three children as personal representatives *118 of the decedent's estate. A Federal estate tax return for the decedent's estate was timely filed on June 10, 1988. The estate tax return was signed by each of the three personal representatives and lists the name, address, and social security number of each personal representative as the "executor". On June 3, 1991, respondent issued to the estate a notice of deficiency which determined a deficiency in estate tax in the amount of $ 77,627. The notice of deficiency was sent by certified mail to William L. Kisling, Jr., in his capacity as a personal representative of the decedent's estate. Respondent did not mail duplicate copies of the notice of deficiency to John or Rosemary, the other two personal representatives. However, a copy of the notice of deficiency was mailed to John L. Sullivan, the attorney for the decedent's estate. William L. Kisling, Jr., as a personal representative, timely filed a petition for the estate with this Court. Subsequently, John and Rosemary ratified the petition. Petitioner contends that the notice of deficiency is invalid under Missouri law because the notice was required to be mailed to each of the estate's three personal representatives. Respondent *119 contends that the notice of deficiency is valid, because it was properly mailed to a duly appointed personal representative of the estate. Sections 6212 and 6903 govern the address to which a notice of deficiency in estate tax is to be sent. If respondent has been notified of the existence of a fiduciary relationship, the notice of deficiency is to be sent to the fiduciary. If respondent has not been notified of the existence of a fiduciary relationship, the notice of deficiency may be sent to the decedent at his or her last known address. Secs. 6212(b)(3), 6903; ; sec. 301.6903-1(c), Proced. & Admin. Regs. The dispute in this case is whether or not the notice of deficiency is valid since it was sent only to one of petitioner's personal representatives, rather than to all three personal representatives of the estate. The estate tax return lists all three personal representatives with their individual addresses as the "executor" of the estate. The estate tax return does not specify which of the three addresses is the official address of the estate. Respondent did not receive any instructions *120 as to where to mail the notice of deficiency. Respondent mailed the notice of deficiency to the personal representative listed first in the estate tax return. Section 6212(b)(1) provides that a notice of deficiency shall be sufficient if it is mailed to the taxpayer's last known address. , affd. without published opinion . Further, to be sufficient, the taxpayer need not actually receive the notice of deficiency if it was mailed to the taxpayer's last known address. . A taxpayer's last known address is defined as the "last known permanent address or legal residence of the taxpayer, or the last known temporary address of definite duration or period to which all communications during such period should be sent". (quoting . Under this definition respondent can only have one last known address with respect *121 to any one taxpayer on the date the notice of deficiency is issued. . In essence, petitioner maintains that it has three separate last known addresses. This position is not consistent with the law, which has no requirement that joint notices of deficiency be issued to co-executors, or the purpose of the notice of deficiency, which is to fairly advise the taxpayer that a deficiency has been determined by the Commissioner. . Clearly, a valid notice of deficiency was issued in this case in that it was mailed to a representative of the estate at his last known address which advised the estate that a deficiency had been determined by the Commissioner. Respondent had no duty to send duplicative notices to the other personal representatives. If there was a need to advise the other personal representatives of the estate of respondent's action, William, as a fiduciary of the estate, should have notified the other co-personal representatives of the estate that he had received a notice of deficiency. As a fiduciary of the estate, William *122 is required to look after its interests. . Here, in light of the fact that respondent was not notified to mail the notice to any particular address or personal representative of the estate, it was not unreasonable for respondent to conclude that sending the notice to the first listed personal representative was the address to which the estate wished the notice to be sent. . Accordingly, we reject petitioner's argument that under Missouri law the notice of deficiency is valid only if issued to each personal representative of a decedent's estate. Petitioner bases its argument on Rule 60(c), and contends that Missouri law governs this case and that it requires all three personal representatives to act together in filing a petition with this Court. As such, petitioner concludes that respondent is therefore required to send the notice of deficiency to each of the three personal representatives. Petitioner's position is untenable. Although Rule 60(c) specifies that the capacity of a fiduciary or other representative *123 to litigate in this Court is determined under relevant State law, the concept has no bearing on the sufficiency of a notice of deficiency in estate tax. Whether a notice of deficiency is invalid is exclusively a matter of Federal tax law. Secs. 6212(b)(3) and 6903; ; ; see also We reiterate our conclusion that respondent was not required to send copies of the notice of deficiency to each of petitioner's three personal representatives. To reflect the foregoing, An appropriate order will be issued denying petitioner's motion to dismiss for lack of jurisdiction.