ESTATE OF JANE H. GUDIE, DECEASED, MARY HELEN NORBERG, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4089–10.        Filed November 30, 2011.

E was never appointed executrix over D's estate by a State probate court, but she signed D's estate's Federal estate tax return as executor. R determined a deficiency in estate tax and a sec. 6662(a), I.R.C., accuracy-related penalty and issued a notice of deficiency listing E as executor. E filed a petition

with this Court for redetermination. E subsequently filed a motion to dismiss for lack of subject matter jurisdiction, arguing this Court lacked jurisdiction because she was never appointed executrix by a State probate court and accordingly the notice of deficiency had been sent to the wrong person. R objected, arguing that because E was in possession of property of D, she was a statutory executor within the purview of sec. 2203, I.R.C., and the proper person to receive the notice of deficiency. *Held*: E is a statutory executor within the purview of sec. 2203, I.R.C. R properly issued E a notice of deficiency. E timely petitioned this Court, and therefore this Court has jurisdiction.

*Edward O.C. Ord* and *Robert P. Hess*, for petitioner.

*R. Malone Camp, Jr.*, and *Donna F. Herbert*, for respondent.

OPINION

WHERRY, *Judge*: The sole issue before this Court is whether we have subject matter jurisdiction. Petitioner argues we do not; respondent argues we do. We agree with respondent.

### *Background*

The following recitation of facts is drawn primarily from Mary Helen Norberg's (Ms. Norberg) motion to dismiss for lack of subject matter jurisdiction (motion to dismiss) and responses filed by both parties. We note that our recitation of "facts" is solely for the purpose of ruling on the motion to dismiss and is not a finding of facts.

Jane H. Gudie (decedent), a resident of California, died on June 14, 2006. Decedent had no children but was survived by two nieces, Ms. Norberg and Patricia Ann Lane (Ms. Lane). Decedent's will did not nominate either niece as her executrix.

Part of decedent's estate consisted of property held in the "Jane Henger Gudie Living Trust" (decedent's trust), created July 17, 1991. The trust document originally named Ms. Norberg and Ms. Lane (the nieces) as the remainder beneficiaries. Decedent retained for her life the right to revoke or amend the trust in whole or in part.

On April 1, 1995, the terms of decedent's trust were amended to name the nieces as the primary beneficiaries. On

January 19, 1999, the terms of decedent's trust were amended to appoint Ms. Norberg cotrustee and the nieces as successor cotrustees upon decedent's death.

On February 9, 1999, decedent and the nieces entered into a transaction where, in form, the nieces each agreed to pay decedent an annuity of $937,483 per year, with the first payment due in 4 years. In return, decedent, as trustee, issued a note to each niece, due in 4 years or upon decedent's death, in the face amount of $3 million with 6 percent interest, secured by the assets of decedent's trust. Neither note was recorded, and no payments were made. On February 9, 2003, the unpaid annuity amounts were rolled over into new annuities and the annuity commencement date and the due date of the notes deferred for another 4 years. Again, no payments were made.

On or about March 14, 2007, a Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, was filed for decedent's estate (estate tax return). At the time the estate tax return was filed, no one was formally appointed, qualified, or acting as executor or administrator of decedent's estate. Ms. Norberg signed the estate tax return as executor but refuses to be formally appointed executrix of decedent's estate under California law.

The estate tax return reported a total gross estate less exclusion of zero and estate taxes owed of zero. Schedule G, Transfers During Decedent's Life, attached to the estate tax return listed assets including real estate totaling $1,890,000, furniture and furnishings totaling $100,000, and securities and bank accounts totaling $5,080,515. The real estate, securities, and bank accounts were titled in the name of decedent's trust. The assets of decedent's trust were listed subject to the outstanding debt owed to the nieces ($6 million principal plus $2,643,300 accrued interest). As a result, the estate tax return reported total assets transferred during decedent's life of negative $1,572,785.

As the sole beneficiaries of decedent's trust, the nieces received equal shares of the trust property. According to correspondence between the nieces, Ms. Norberg's husband, and Robert P. Hess (Mr. Hess), decedent's estate planner, the nieces each received $3,404,343.63 upon decedent's death.

Respondent audited the estate tax return, determining (1) decedent had made $2,983,437 of adjusted taxable gifts in

1992 that were not reflected on the estate tax return; (2) claimed gifts of $279,000 decedent made in 2005 and 2006 were invalid for estate and gift tax purposes; and (3) the deduction of $8,643,300 claimed on Schedule G is not deductible because it was not a bona fide loan and was not for full and adequate consideration.

On January 11, 2010, respondent issued a notice of deficiency to "Estate of Jane H. Gudie, c/o Mary Helen Norberg, Executor", showing a deficiency in estate tax of $3,833,157.92 and a section 6662(a) accuracy-related penalty of $766,631.58.[1] On February 17, 2010, a petition was filed with this Court by Mr. Hess, who is an attorney admitted to practice before this Court, on behalf of "Jane H. Gudie, Deceased; Mary Helen Norberg, Executor". At the time the petition was filed, Ms. Norberg resided in California. In the petition, Ms. Norberg alleged that respondent

erred in determining that the decedent did not receive full and adequate consideration in money or money's worth for promissory notes that represented bona fide claims against decedent's living trust dated September 16, 1981. There was no evidence that gifts made in 2005 and 2006 were not valid for Estate and Gift Tax purposes.

Respondent filed his answer on April 8, 2010. On January 3, 2011, respondent's motion for leave to file amendment to answer, filed December 23, 2010, was granted. In the motion respondent alleged that the gifts made in 1992 were made to "skip persons" under section 2613 and accordingly were subject to the generation-skipping transfer tax under section 2601. The motion asserted an increased deficiency in estate tax of $4,972,876.30 and an increased section 6662(a) accuracy-related penalty of $994,575.26.

On June 9, 2011, Ms. Norberg filed a motion to dismiss. On June 17, 2011, respondent was ordered to file any response to the motion to dismiss on or before July 25, 2011. Respondent's objection to the motion to dismiss was filed on July 22, 2011, with six exhibits, denominated A through F, attached. On August 26, 2011, Ms. Norberg filed two documents: (1) A reply memorandum in support of objections to respondent's objections to motion to dismiss and (2) Mary

---

[1] All section references are to the Internal Revenue Code of 1986, as amended and in effect for the date of decedent's death. All Rule references are to the Tax Court Rules of Practice and Procedure.

Helen Norberg's evidentiary objections to respondent's objections to motion to dismiss.

## *Discussion*

### I. *Evidentiary Objections*

Ms. Norberg asserts that "In ruling on a motion for summary adjudication, a trial court can only consider admissible evidence" and that because respondent's "factual allegations and exhibits in support of * * * [respondent's objection]" are inadmissible, they "must be stricken", citing rule 56(e) of the Federal Rules of Civil Procedure, *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002), and *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988), as her authorities.

In *Orr v. Bank of Am.*, *supra* at 773, the Court of Appeals for the Ninth Circuit, the court to which this case is appealable absent stipulation to the contrary, stated: "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Servs., Inc.*, *supra* at 1181, and rule 56(e) of the Federal Rules of Civil Procedure stand for the same proposition. But we are *not* ruling on a motion for summary judgment. We are ruling on a motion to dismiss for lack of subject matter jurisdiction.[2] The U.S. Supreme Court has held where, as here, "there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Gibbs v. Buck*, 307 U.S. 66, 71–72 (1939). When an issue of jurisdiction is raised, either by a party or on our own initiative, we "may inquire by affidavits or otherwise, into the facts as they exist." *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947), overruled by implication on other grounds by *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949); see also *Stevens v. Redwing*, 146 F.3d 538 (8th Cir. 1998).

---

[2] Ms. Norberg, in her objection, states:

This Court should treat this motion as a motion for summary judgment seeking an order ruling that this Court lacks subject matter jurisdiction, pursuant to Tax Court Rules 40 and 121. This is due to the fact that the motion to dismiss is supported by a declaration under penalty of perjury under 28 U.S.C. 1746, which authorizes declarations in lieu of affidavits.

We view Ms. Norberg's position as an attempt to circumvent established precedent and bring evidentiary rules not applicable in jurisdictional questions into play. In deciding whether we have jurisdiction, we are not bound by evidentiary rules applicable in deciding motions for summary judgment.

None of respondent's exhibits will be stricken, and the Court will examine all the facts before us in determining whether we have jurisdiction over this case.

## II. *Subject Matter Jurisdiction*

### A. *Introduction*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Adkison v. Commissioner*, 592 F.3d 1050, 1052 (9th Cir. 2010), affg. on other grounds 129 T.C. 97 (2007). Our jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); *Monge v. Commissioner*, 93 T.C. 22, 27 (1989).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer. In the instance of an estate tax deficiency, once the Commissioner is notified of the existence of a fiduciary relationship, the fiduciary steps into the shoes of the taxpayer for tax purposes, and the notice of deficiency is to be sent to the fiduciary. Sec. 6212(b)(3); Rule 60(a); *Estate of McElroy v. Commissioner*, 82 T.C. 509, 512 (1984); *Estate of Kisling v. Commissioner*, T.C. Memo. 1993–119; sec. 301.6212–1(b)(3), Proced. & Admin. Regs. The taxpayer (or fiduciary) in turn has 90 days from the date the notice of deficiency is mailed (150 days if the notice is mailed to a taxpayer outside of the United States) to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a); Rule 60(a); *Estate of Moffat v. Commissioner*, 46 T.C. 499, 501 (1966).

### B. *Ms. Norberg's Argument*

Ms. Norberg, relying on *Hulburd v. Commissioner*, 296 U.S. 300 (1935), argues that "the notice was issued and mailed to the wrong taxpayer".[3] Although unclear, we surmise Ms. Norberg's argument is that she was not a fiduciary within the meaning of section 6212(b)(3). She states that she

---

[3] *Hulburd v. Commissioner*, 296 U.S. 300 (1935), did not involve the validity of a deficiency notice, but rather the personal liability of the executor and legatee of a shareholder in a dissolved corporation. Thus, contrary to Ms. Norberg's assertion, *Hulburd* has little, if any, relevance to the case at hand.

was never appointed executrix of decedent's estate by a California probate court and no action of any kind seeking her appointment as executrix will be taken. According to Ms. Norberg, the notice of deficiency should have been addressed to "Jane Henger Gudie Living Trust dated July 17, 1991, Mary Helen Norberg and Patricia Ann Lane successor co-trustees, or to Norberg as a transferee".

## C. *Respondent's Argument*

Respondent argues that Ms. Norberg was in actual or constructive receipt of property of decedent and thus "as statutory executor within the meaning of section 2203, was the proper person to whom to issue the notice of deficiency pursuant to section 6212(b)(3) and the proper party to bring the instant case pursuant to Tax Court Rule 60(a)".

## D. *Analysis*

Our conclusion, explained below, is that Ms. Norberg, because she was in actual or constructive possession of property of decedent, was a statutory executor. As such, she had the responsibility and authority to file the estate tax return. By filing the estate tax return, she notified respondent of a fiduciary relationship and was the proper person to receive the notice of deficiency.

Section 2203 defines "executor" for purposes of the Federal estate tax as "the executor or administrator of the decedent, or, if there is no executor or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent." In her objection, Ms. Norberg states she "was never in possession of any assets of the probate estate of Jane H. Gudie, or of other estates, with respect to any and all times relevant to our motion to dismiss." Ms. Norberg attached to her objection the signed declaration of Mr. Hess, who also states that "Norberg was not ever in possession of any assets of the probate estate of Jane H. Gudie". Ms. Norberg and Mr. Hess carefully confine their statements to the "probate estate". The fact that the property Ms. Norberg received did not pass through probate is immaterial to this discussion. This Court has previously held in situations like this that "the fact that * * * property interests passed * * *

directly rather than as part of decedent's probate estate is immaterial." *Estate of Guida v. Commissioner*, 69 T.C. 811, 813 (1978); see also *Estate of Wilson v. Commissioner*, 2 T.C. 1059, 1083–1084 (1943) (stating that if taxpayers could distinguish between probate and nonprobate property to defeat the estate tax, "the law would soon be a nullity").

On the facts before us, Ms. Norberg was in actual or constructive possession of decedent's property at the time the estate tax return was filed. [4] At the time the estate tax return was filed, there was no one appointed, qualified, or acting as executor or administrator of decedent's estate. Therefore Ms. Norberg qualified as a statutory executor of decedent's estate for purposes of the Federal estate tax. [5] See sec. 2203; *Huddleston v. Commissioner*, 100 T.C. 17, 30–31 (1993); *Estate of Guida v. Commissioner*, *supra* at 813; *New York Trust Co. v. Commissioner*, 26 T.C. 257, 261–262 (1956); *Allen v. Commissioner*, T.C. Memo. 1999–385.

Section 6018(a)(1) directs the executor in cases where the decedent's gross estate exceeds the applicable exclusion amount to file an estate tax return. See also sec. 20.6018–2, Estate Tax Regs. Therefore, as statutory executor, Ms. Norberg had the responsibility and authority to file the estate tax return.

Section 6036 provides in part: "every executor (as defined in section 2203), shall give notice of his qualification as such to the Secretary in such manner and at such time as may be required by regulations of the Secretary." Section 6903(a) provides:

SEC. 6903(a). RIGHTS AND OBLIGATIONS OF FIDUCIARY.—Upon notice to the Secretary that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected

---

[4] Decedent was considered the owner of the trust property pursuant to sec. 676(a), which provides: "The grantor shall be treated as the owner of any portion of a trust, whether or not he is treated as such owner under any other provision of this part, where at any time the power to revest in the grantor title to such portion is exercisable by the grantor or a nonadverse party, or both."

[5] We are not appointing Ms. Norberg executor for purposes of State law or providing her the authority that comes with being appointed executor under State law. Nor are we concluding that Ms. Norberg is potentially liable for the entire deficiency. This Court has previously stated: "It is clear that a determination of deficiency against an estate, even though the executor or personal representative is named as the person to receive the notice, is not a determination of deficiency against the executor or personal representative in his or her personal capacity." *Estate of Walker v. Commissioner*, 90 T.C. 253, 257 (1988).

from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

Ms. Norberg's filing of the estate tax return gave respondent notice for purposes of sections 6036 and 6903 that she was to be treated as the executor and fiduciary of decedent's estate. Section 20.6036–2, Estate Tax Regs., provides in relevant part: "The requirement of section 6036 for notification of qualification as executor of an estate shall be satisfied by the filing of the estate tax return required by section 6018". Section 301.6036–1(c), Proced. & Admin. Regs., provides: "When a notice is required under § 301.6903–1 of a person acting in fiduciary capacity and is also required of such person under this section, notice given in accordance with the provisions of this section shall be considered as complying with both sections." Hence, filing the estate tax return as executor was adequate notice for purposes of both sections 6036 and 6903. [6]

Ms. Norberg never gave respondent a notice of termination. Therefore she was never relieved of her powers, rights, duties, and privileges as a fiduciary of decedent's estate for Federal estate tax purposes. She was the proper individual to receive the notice of deficiency under section 6212 and had the capacity to contest the notice of deficiency upon which this case is based. See Rule 60(a)(1); *Huddleston v. Commissioner*, *supra* at 30–31; *Estate of Sivyer v. Commissioner*, 64 T.C. 581 (1975); *Allen v. Commissioner*, *supra*; see also *Estate of Kisling v. Commissioner*, T.C. Memo. 1993–119 (stating that the fiduciary of the estate was required to look after its interests). Respondent properly mailed a notice of deficiency to "Estate of Jane H. Gudie, c/o Mary Helen Norberg, Executor", and Ms. Norberg's timely petition gave this Court jurisdiction. See also *Estate of Callahan v. Commissioner*, T.C. Memo. 1981–357 (stating: "The function of a

---

[6] Ms. Norberg argues that "the filing of an estate tax return does not constitute notice for liability purposes" or apparently in Ms. Norberg's views, to the Commissioner of a fiduciary relationship entitling the filer of the estate tax return to act for the estate pursuant to sec. 6903(a). She argues Form 56, Notice Concerning Fiduciary Relationship, is necessary for adequate notice. We disagree.

The instructions on Form 56 state: "You must notify the IRS of the creation or termination of a fiduciary relationship under section 6903 and give notice of qualification under section 6036. You may use Form 56 to provide this notice to the IRS". While filing a Form 56 provides adequate notice, as explained above, it is not the exclusive method by which a person can inform the IRS that he or she is acting in a fiduciary capacity. Sec. 301.6036–1(c), Proced. & Admin. Regs.; sec. 20.6036–2, Estate Tax Regs.

statutory notice of deficiency is to afford * * * [the taxpayer] a full and fair opportunity to present its case in this Court.").

In conclusion, the notice of deficiency was appropriately addressed to Ms. Norberg and she had the authority to file the petition in this case. Her timely petition in response to the valid notice of deficiency gives this Court jurisdiction.

## III. *Statute of Limitations*

Although the argument is unclear, in her motion to dismiss Ms. Norberg appears to argue that the period of limitations on assessment has expired. In her objection to respondent's objection, Ms. Norberg states she "did not and is not asserting in this motion any issue regarding statute of limitations" and asks us not to rule on this issue. We need not analyze this issue here but do note two things. First, pursuant to sections 6503(a)(1) and 6213(a), the period of limitations on assessment, if open when a notice of deficiency was sent, would generally be suspended if a timely petition was filed until such time as the Secretary is no longer prohibited from assessing the tax. Second, the statute of limitations is an affirmative defense, not a jurisdictional matter. See Rule 39; *Freytag v. Commissioner*, 110 T.C. 35, 41 (1998).

To reflect the foregoing,

> *An appropriate order will be issued denying petitioner's motion to dismiss for lack of subject matter jurisdiction.*