T.C. Memo. 2007-133

UNITED STATES TAX COURT

CHERYL A. WOLF, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3747-04L.                      Filed May 30, 2007.

Cheryl A. Wolf, pro se.

<u>Marc L. Caine</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's Rule 53 motion to partially dismiss for lack of jurisdiction as to one matter and on respondent's Rule 121 motion for summary judgment as to all other matters.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

In 1996 and other years, petitioner's construction company performed work for the United States Merchant Marine Academy (USMMA). During 1996, petitioner became concerned about perceived violations of Federal law on the part of personnel or contractors working for or associated with the USMMA.

In mid-1996, petitioner contacted respondent about petitioner's concerns relating to the above alleged violations of Federal law.

On June 2, 1997, petitioner timely filed her 1996 individual Federal income tax return without including payment of the $741 Federal income tax reported due thereon. Respondent assessed the tax, and respondent sent notice and demand for payment thereof to petitioner, but the tax remained unpaid through early 2003.

In the summer of 2003, respondent initiated against petitioner collection activity, levied upon $50 of petitioner's State income tax refund, and applied the $50 against petitioner's outstanding 1996 Federal income tax.

In response to respondent's efforts to collect petitioner's $741 Federal income tax, petitioner mailed to respondent a letter in which petitioner represented that she would pay the balance due, but in which petitioner also referred to violations of

Federal law petitioner alleges she had observed at the USMMA and, without specifically requesting a reward, in which petitioner made vague claims of entitlement to unspecified tax credits.

On or about August 1, 2003, petitioner mailed to respondent a letter requesting a section 6330 Appeals Office hearing. In the letter, petitioner again objected to respondent's collection activity and made vague references to the violations of Federal law petitioner alleges she had observed at the USMMA and to tax credits.

On January 6, 2004, petitioner's representative and respondent's settlement officer engaged in the face-to-face section 6330 Appeals Office hearing that petitioner had requested relating to respondent's above collection activity. At the hearing, petitioner objected to any collection activity and repeated her vague references to violations of Federal law at the USMMA and to tax credits.

On February 4, 2004, respondent mailed to petitioner a notice of determination sustaining respondent's levy on petitioner's $50 State income tax refund and other collection activity relating to petitioner's 1996 Federal income tax.

On March 2, 2004, petitioner filed the petition herein, again objecting to respondent's levy and collection activity, requesting that the Court order respondent to investigate alleged

violations of Federal law at the USMMA and making vague claims for entitlement to unspecified tax credits for 1996.

During a conference call held with this Court and the parties herein on April 4, 2007, and at a subsequent hearing, petitioner clarified that the real and only relief she seeks herein is a reward relating to the information that petitioner provided to respondent about alleged corruption at the USMMA.

## Discussion

Prior to December 20, 2006, section 7623 provided that respondent may give to individuals who provide information relating to Federal Tax Code violations monetary rewards payable from the proceeds of tax revenue collected as a result of such information. We, however, had no jurisdiction to review respondent's discretion in giving or denying such rewards.

As part of the Tax Relief and Health Care Act of 2006 (TRHCA), Pub. L. 109-432, div. A, sec. 406(a)(1)(D), 120 Stat. 2958, Congress amended section 7623 and provided jurisdiction for this Court to review respondent's denial of claims for rewards as a result of information provided to respondent relating to Federal Tax Code violations.

Newly enacted section 7623(b)(4), however, is made effective only for information provided to respondent on or after December 20, 2006, id. sec. 406(d), 120 Stat. 2960, and it provides the

sole authorization for our jurisdiction to review respondent's denial of informant rewards.

Because petitioner's information about the USMMA was provided to respondent well before December 20, 2006, the provisions of section 7623 as enacted in TRHCA are not applicable. We shall grant respondent's motion to dismiss from this case for lack of jurisdiction petitioner's claim for a reward relating to information she provided to respondent relating to alleged corruption at the USMMA.

Because petitioner raises no viable, appropriate issue relating to respondent's section 6330 levy and other collection activity, we shall grant respondent's motion for summary judgment as to all other matters in this case.

<u>An appropriate order and decision will be entered</u>.