WHISTLEBLOWER 11332–13W, PETITIONER *v*.
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 11332–13W.          Filed June 4, 2014.

Whistleblower W reported a tax fraud scheme, involving W's employer and related entities, to the Government. W provided the Government with information regarding the tax fraud scheme from June 2006 through the fall of 2009. W's information formed the basis of the Government's action against the target taxpayers. W filed a Form 211, Application for Award for Original Information, in 2008 and submitted to R documentary evidence related to W's involvement in the Government's investigation. W resubmitted Form 211 in 2011 seeking an award under I.R.C. sec. 7623(b). Shortly thereafter, the Government settled with one of the target taxpayers and recovered more than $30 million in taxes, penalties and interest. R granted W a discretionary award determination under I.R.C. sec. 7623(a) and denied W's request for an award under I.R.C. sec. 7623(b). W filed the petition seeking review of R's award determination. R filed a motion to dismiss for lack of jurisdiction. R argues that this Court lacks jurisdiction to review R's award determination because R proceeded against the target taxpayers using information W provided before the effective date of I.R.C. sec. 7623(b), Dec. 20, 2006. W opposes R's motion on the grounds that W provided information to the Government both before and after the effective date of I.R.C. sec. 7623(b). *Held*: The Court has jurisdiction to review R's whistleblower claim award determinations where W has alleged that W provided information to R before and after the effective date of I.R.C. sec. 7623(b). *Held*, *further*, W satisfied W's pleading burden by alleging facts that R proceeded with an action against the target taxpayers using information brought to R's attention by W both before and after the effective date of I.R.C. sec. 7623(b), Dec. 20, 2006. *Held*, *further*, R's motion to dismiss will be denied.

*Sealed*, for petitioner.
*Sealed*, for respondent.

## OPINION

KROUPA, *Judge*: This case[1] is before the Court on respondent's motion to dismiss for lack of jurisdiction. We decide for the first time whether the Court has jurisdiction to review

---

[1] This Court previously granted the whistleblower's motion to seal the record in this case and motion to proceed anonymously.

respondent's whistleblower claim award determinations where the whistleblower provided information both before and after the enactment of the Tax Relief and Health Care Act of 2006 (TRHCA), [2] Pub. L. No. 109–432, div. A, sec. 406, 120 Stat. at 2958, effective December 20, 2006. We hold that we do. [3]

## *Background*

The following background is drawn from the petition and respondent's motion to dismiss for lack of subject matter jurisdiction and responses filed by both parties. We note that the background is stated solely for purposes of ruling on the pending motion to dismiss and is not a finding of facts.

Petitioner is a whistleblower that reported a tax fraud scheme to the Government. During the whistleblower's employment, the whistleblower learned of a tax structure involving the whistleblower's employer and several related entities and subsidiary companies (targets). When the whistleblower raised concerns over the tax structure to the whistleblower's employer, the whistleblower's employer used physical force and armed men to intimidate the whistleblower and prevent disclosure. The whistleblower was subsequently fired. In 2005 the whistleblower attempted to report the tax scheme to the Government. The whistleblower's efforts were met with no response. The whistleblower eventually reached Government officials interested in the whistleblower's information. In June 2006 the whistleblower met informally with Department of Justice (DOJ) representatives in Washington, D.C., regarding the tax scheme. The whistleblower provided the DOJ representatives with generic information regarding the targets and the tax scheme at this first meeting. The whistleblower met with the Internal Revenue Service (IRS) and the DOJ representatives several more times in the summer and fall of 2006. At each meeting the

---

[2] Tax Relief and Health Care Act of 2006, Pub. L. No. 109–432, div. A, sec. 406, 120 Stat. at 2958, codified at sec. 7623(b).

[3] All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. All amounts are rounded to the nearest dollar.

whistleblower provided additional documents and details regarding the tax scheme.

The whistleblower continued to provide additional information regarding the targets' activities and was in regular contact with the IRS and the DOJ representatives after December 20, 2006. On multiple occasions, the IRS and the DOJ representatives asked the whistleblower for information, after December 2006, related to particular areas of inquiry and details regarding transactions and the targets. As the whistleblower learned additional information regarding the targets' actions, the whistleblower reported that information to the IRS and the DOJ representatives. The whistleblower provided information to the IRS and the DOJ representatives continually until the fall of 2009. Notably, the whistleblower's assistance in this investigation jeopardized the safety of the whistleblower and the whistleblower's family. As discussed in detail in *Whistleblower 11332–13W v. Commissioner*, T.C. Memo. 2014–92, the whistleblower received several threats of physical harm from the targets.

The whistleblower filed a Form 211, Application for Award for Original Information, in 2008 and submitted to the IRS Whistleblower Office (Whistleblower Office) documentary evidence related to the targets' actions that the whistleblower had previously disclosed. Subsequently, the whistleblower resubmitted Form 211 in 2011 seeking an award under section 7623(b). Shortly thereafter, the Government entered into a Non-Prosecution Agreement with one of the targets that led to the Government recovering more than $30 million in taxes, penalties and interest. The Whistleblower Office granted the whistleblower a discretionary award determination under section 7623(a) and denied the whistleblower's request for an award under section 7623(b).

The whistleblower timely filed the petition seeking review of respondent's award determination. Respondent filed a motion to dismiss for lack of jurisdiction on the ground that respondent's award determination is not subject to judicial review. Respondent argues that this Court lacks jurisdiction to review respondent's award determination because he proceeded against the targets using information the whistle-

blower provided before the effective date of section 7623(b), [4] December 20, 2006. [5] The whistleblower objected to the motion, asserting that the whistleblower is entitled to judicial review of respondent's award determination because the whistleblower provided information both before and after the effective date of section 7623(b). We agree with the whistleblower. We leave for another day whether the whistleblower is entitled to a larger award.

## *Discussion*

This case presents an issue of first impression. We decide for the first time whether the Court has jurisdiction to review respondent's whistleblower claim award determination where the claim is based on information the whistleblower provided both before and after the enactment of TRHCA sec. 406, 120 Stat. at 2958. [6]

## I. *Overview of the Court's Jurisdiction and the Whistleblower Program*

We begin with the Tax Court's jurisdiction. The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–1181 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). The Tax Court is without authority to enlarge upon that statutory grant. *See Phillips Petroleum Co. v. Commissioner*, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to determine whether we have jurisdiction. *Hambrick v. Commissioner*, 118 T.C. 348 (2002); *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984).

Our Rules are silent as to deciding a motion to dismiss for lack of subject matter jurisdiction. Thus, we look to the Federal Rules of Civil Procedure. *See* Rule (1)(b); *Estate of Miller v. Commissioner*, T.C. Memo. 1994–25. When deciding a motion to dismiss based on lack of subject matter jurisdic-

---

[4] As discussed *infra*, sec. 7623(b)(4) for the first time granted this Court jurisdiction to hear a whistleblower's petition for review of the Commissioner's award determination.

[5] The amendments enacting sec. 7623(b) apply to information provided on or after December 20, 2006.

[6] Codified, in part, at sec. 7623(b).

tion, a court must construe the undisputed allegations of the complaint in a manner favorable to the plaintiff. *See Dacosta v. United States*, 82 Fed. Cl. 549, 552 (2008). Where jurisdiction turns on contested facts, allegations in the petition are generally taken as true for purposes of deciding a motion to dismiss for lack of jurisdiction. *See, e.g.*, *O'Brien v. Commissioner*, 40 B.T.A. 280 (1939). The issue is whether the claimant is entitled to offer evidence to support the claims, not whether the claimant will ultimately prevail on the merits. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). We turn now to an overview of our jurisdiction regarding whistleblower claims.

The Secretary has long had the discretion to pay awards to persons providing information that aids in (1) detecting underpayments of tax and (2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws. Sec. 7623(a). The discretionary whistleblower awards have been arbitrary and inconsistent, however, because of a lack of standardized procedures and limited managerial oversight. *See* Treasury Inspector General for Tax Administration Report 2006–30–092, The Informants' Rewards Program Needs More Centralized Management Oversight (June 2006). It took an average of seven years for a discretionary award to be paid and an average of six months for a claim to be rejected. *Id.* at 8–9. Moreover, most rejected claims did not provide the rationale for the reviewer's decision because of concerns about disclosing confidential return information to the whistleblower. *Id.* at 7.

Congress enacted TRHCA in 2006 to address perceived problems with the discretionary award regime. TRHCA sec. 406(a), 120 Stat. at 2958, amended section 7623 to require the Secretary to pay nondiscretionary whistleblower awards under certain circumstances and to provide this Court with jurisdiction to review such award determinations. A whistleblower is now entitled to a minimum nondiscretionary award of 15% of the collected proceeds if the Commissioner proceeds with administrative or judicial action using information provided in a whistleblower claim. [7] Sec. 7623(b)(1).

---

[7] The award is reduced in certain circumstances. For example, the award is reduced where the whistleblower planned or initiated the actions that

TRHCA also directed the Secretary to issue guidance for the operation of a Whistleblower Office administered by the IRS. [8] TRHCA sec. 406(b)(1), 120 Stat. at 2959. The Whistleblower Office is responsible for reviewing submitted whistleblower claims or assigning them to the appropriate IRS office for review. *Id.* sec. 406(b)(1)(B), 120 Stat. at 2960. The Whistleblower Office is authorized to seek additional assistance from the whistleblower if necessary. *Id.* sec. 406(b)(1)(C), (2).

The Commissioner released guidance to taxpayers on filing nondiscretionary whistleblower award claims in early 2008. *See* Notice 2008–4, 2008–1 C.B. 253. Whistleblowers seeking an award must fully complete and submit a Form 211. *Id.* sec. 3.02, 2008–1 C.B. at 254. The Whistleblower Office will acknowledge receipt of the claim in writing. *Id.* sec. 3.05, 2008–1 C.B. at 255. The Whistleblower Office will send correspondence to the whistleblower once a determination regarding the claim has been made. *Id.* sec. 3.11, 2008–1 C.B. at 256. Whistleblower Office determinations regarding awards may be appealed to this Court within 30 days from the issuance of the nondiscretionary award determination. *Id.*; *see also* sec. 7623(b)(4). Awards will not be paid, however, until there is a determination of the tax liability and the amounts owed are collected. Notice 2008–4, sec. 3.08, 2008–1 C.B. at 255. The Commissioner also issued procedural guidance on how whistleblower claims will be processed. *See* Internal Revenue Manual (IRM) pt. 25.2.2 (Dec. 30, 2008). [9] In general, whistleblower claims will be denied where the information provided does not: (a) identify a Federal tax issue upon which the IRS will act; (b) result in the detection of an underpayment of taxes; or (c) result in the

---

led to the underpayment of tax. Sec. 7623(b)(2) and (3). Furthermore, an award is available only if the individual taxpayer had gross income exceeding $200,000 for any year at issue and if the amount in dispute (including tax, penalties, additions to tax and additional amounts) exceeds $2 million. TRHCA sec. 406(a)(1), 120 Stat. at 2958.

[8] The 2006 legislation also requires the Secretary to provide an annual report to Congress on whistleblower claims filed and awards issued under sec. 7623. TRHCA sec. 406(c), 120 Stat. at 2960.

[9] Internal Revenue Manual pt. 25.2.2 (Dec. 30, 2008) was updated on June 18, 2010, to provide additional guidance for evaluating a whistleblower claim.

collection of proceeds. *See id.* pt. 25.2.2.12(2) (June 18, 2010). The whistleblower will be notified by the Whistleblower Office once an award decision has been made. *See id.* pt. 25.2.2.5(13) (Dec. 30, 2008).

II. *Analysis*

We must now decide whether the Court has jurisdiction to review respondent's award determination. Respondent argues that this Court does not have jurisdiction to review his award determination because the whistleblower provided the information to the Whistleblower Office before the enactment of section 7623(b). *See Wolf v. Commissioner*, T.C. Memo. 2007–133 (holding that the Court lacked jurisdiction to review a determination regarding a whistleblower award because the information was provided before December 20, 2006). Thus, respondent argues that this Court lacks jurisdiction to review his award determination because he proceeded against the targets using information the whistleblower provided before December 20, 2006. The whistleblower argues that this Court has jurisdiction to review respondent's award determination because the whistleblower alleged that respondent proceeded against the targets using information the whistleblower provided both before and after December 20, 2006. *See* sec. 7623(b).

We hold that the whistleblower satisfied the whistleblower's pleading burden by alleging facts that respondent proceeded with an action against the targets using information brought to respondent's attention by the whistleblower both before and after December 20, 2006. This is consistent with TRHCA's intent to provide whistleblowers with judicial review of award determinations. We now turn to the governing law.

A whistleblower who satisfies the requirements of section 7623(b) is entitled to receive at least 15% but no more than 30% of the collected proceeds or from a settlement with the taxpayer. Additionally, the Commissioner must proceed [10]

―――――――

[10] The Commissioner's proposed regulations explain that the term "proceeds" includes when "the IRS initiates a new action that it would not have initiated, expands the scope of an ongoing action that it would not have expanded, or continues to pursue an ongoing action that it would not have continued but for the information provided." 77 Fed. Reg. 74800 (Dec. 18, 2012).

with an administrative or judicial action based on information brought to the Commissioner's attention by the whistleblower. *See* sec. 7623(b)(1). The IRM states that action by the IRS includes the modification of a pending or planned examination or investigation as a result of information provided by the whistleblower. IRM pt. 25.2.2 (June 18, 2010).

Additionally, the Tax Court has exclusive jurisdiction over appeals of award determinations where a whistleblower provided information both before and after the effective date of TRHCA. *See, e.g.*, *Dacosta*, 82 Fed. Cl. at 554 (determining that the Tax Court had exclusive jurisdiction over the whistleblower's claim). The Court of Federal Claims' decision in *Dacosta* is directly on point. In *Dacosta* the court dismissed the case because the court found that the Tax Court had exclusive jurisdiction over the whistleblower claim and the court could not transfer the case to the Tax Court. *Id.* at 557 (referencing 28 U.S.C. sec. 1631). Nevertheless, the *Dacosta* court's analysis and rationale are persuasive. In *Dacosta*, as here, the claimants provided the Commissioner with information both before and after the enactment of TRHCA. *Id.* at 551. The Government moved to dismiss for lack of subject matter jurisdiction and argued that the information submitted by the claimants in 2007 was identical to the information submitted in 2003. *Id.* at 553. The Government further argued that, even if claimants provided new and different information, the Commissioner did not proceed using the later application and documents. *Id.* The court rejected the Government's arguments and determined that the claimants alleged sufficient facts to avail themselves of section 7623(b)(1) for jurisdictional purposes. *Id.* at 554. The court concluded that the claimants' alleged facts, if proven at trial, would establish that the Commissioner acted on information provided by the claimants after the amendments to section 7623. *Id.*

The parties dispute whether respondent proceeded against the targets using the whistleblower's post-December 20, 2006, information. The whistleblower's allegations are sufficient to establish jurisdiction. The whistleblower alleged that the whistleblower provided the IRS and the DOJ with information from at least June 2006 through the fall of 2009. The post-December 2006 information was not simply confirmatory details. Rather, the whistleblower provided the IRS

and the DOJ with the facts that formed the basis and gravamen of respondent's action against the targets. The whistleblower alleged that the whistleblower provided the IRS and the DOJ with information related to particular areas of inquiry and details regarding the transactions and the targets.

Taking the contested factual allegations in the petition as true, they establish that from June 2006 through the fall of 2009 the whistleblower was in constant contact with the IRS and the DOJ and provided them with the basis of and details on the targets' tax avoidance scheme. Whether respondent used this information to proceed against the targets is not a question for the present motion. The whistleblower has alleged sufficient jurisdictional facts to avail the whistleblower of section 7623(b)(1) for jurisdictional purposes and to overcome a motion to dismiss for lack of jurisdiction. If the whistleblower's alleged facts are proved at trial, they would establish that respondent proceeded against the targets using information the whistleblower provided after December 20, 2006. If these facts are established, the whistleblower is entitled to judicial review of respondent's award determination.

We hold, consistent with the rationale of *Dacosta*, that this Court has jurisdiction to review an award determination where a whistleblower has alleged that the whistleblower provided information both before and after the enactment of section 7623(b).

We have considered all remaining arguments the parties made and, to the extent not addressed, we conclude they are irrelevant, moot or meritless.

For the foregoing reasons, we shall deny respondent's motion to dismiss.

*An appropriate order will be issued.*