T.C. Memo. 2017-112

UNITED STATES TAX COURT

WHISTLEBLOWER 19860-15W, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19860-15W.                          Filed June 13, 2017.

Sealed,[1] for petitioner.

Ashley M. Bender and Richard L. Hatfield, for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge:  This case is before the Court on respondent's motion
to dismiss for lack of jurisdiction.  Respondent filed the motion to dismiss on the
ground that the information forming the basis for petitioner's claim relates to

_____

[1]The name of petitioner's counsel has been omitted in furtherance of
protecting petitioner's identity.

[*2] information that petitioner provided to respondent before the effective date of section 7623(b). Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times.

## Background

The following facts are drawn from the parties' pleadings and motion papers, including the affidavits and exhibits attached thereto. The background is stated solely for purposes of ruling on the pending motion to dismiss and is not a finding of facts.

Petitioner's 2013 Submission

On June 5, 2013, the Internal Revenue Service (IRS) Whistleblower Office (WBO) received a Form 211, Application for Award for Original Information, dated May 31, 2013, and signed by petitioner.[2] The 2013 Form 211 identified both Taxpayer 1 and an investment promoter as tax violators and referenced information that petitioner had provided to the IRS in April 2002. Petitioner reported on this form that the violation had been reported on April 5, 8, and 10, 2002.

---

[2] The Court granted petitioner's motion to proceed anonymously. When referring to petitioner, we will employ the masculine pronoun and possessive adjective without intending to create any implications concerning petitioner's gender. We will use the term "Taxpayer 1" to refer to the U.S. taxpayer who was the primary subject of petitioner's award claim.

**[*3]**   Attached to the 2013 Form 211 were copies of three letters dated April 5, 8, and 10, 2002, that petitioner sent to the IRS Criminal Investigation Division (CID) in Philadelphia, Pennsylvania.  The 2002 letters identified Taxpayer 1, the promoter, and several other individuals and entities as the major participants in a complicated transaction implemented for the sole purpose of allowing Taxpayer 1 to avoid substantial Federal income tax liability.  Also attached to the 2013 Form 211 were a copy of a court filing from a lawsuit filed by Taxpayer 1 and an agreement between the promoter and the Department of Justice (DOJ).

The 2013 Form 211 and the attached cover letter referenced "proceeds collected" as a result of actions taken against Taxpayer 1 and the promoter, purportedly "on the basis of the information * * * [petitioner] submitted".  Specifically, on the 2013 Form 211 petitioner asserted that the IRS and the U.S. Government had received payments from Taxpayer 1 and the promoter.  Petitioner did not submit any new information regarding tax violations with the 2013 Form 211 and did not indicate whether or how petitioner had interacted with the IRS in 2002 or afterwards.

The WBO assigned an analyst to evaluate petitioner's claim on the 2013 Form 211.  The analyst identified petitioner's claim as ineligible for a mandatory award determination under section 7623(b), because the information provided in

[*4] the 2002 letters was provided to the IRS before the effective date of that Code provision. The analyst considered whether petitioner's claim could still be eligible for a discretionary award under section 7623(a). The analyst researched petitioner's claim to determine whether the IRS had ever used any of the information petitioner provided in the 2002 letters.

The analyst determined that the IRS had conducted an examination for Taxpayer 1, which concluded in early 2007, but the analyst could not find any evidence that petitioner's information was used in connection with that examination. The analyst attempted to find Taxpayer 1's examination file but found that the file had been destroyed "pursuant [to] established document destruction procedures". The analyst was unable to find any IRS employee who had participated in the examination or who could otherwise confirm petitioner's involvement in any action against Taxpayer 1.

The analyst concluded that the IRS was already aware of, and had been actively investigating, the tax violations petitioner reported prior to petitioner's submission of the 2002 letters. Approval to investigate the promoter was given in 2001. The promoter provided the name of Taxpayer 1 in early 2002, before petitioner's 2002 submissions.

**[*5]**  In a determination letter dated July 8, 2015, the WBO informed petitioner that his claim had been denied.  The letter stated in part that "the information you provided did not result in the collection of any proceeds."  On August 10, 2015, petitioner filed with this Court a "Petition For Whistleblower Action Under Code Section 7623(b)(4)".

After the filing of the petition, respondent discovered that a claim file had been opened previously with respect to the information that petitioner provided in April 2002.  Respondent discovered that petitioner's claim for an award had been denied in 2007.  The WBO had not yet been established at the time that petitioner's earlier submissions were received, and his claim at that time was handled by an informants' claims coordinator within the IRS' Small Business/Self-Employed Division.  On the 2013 Form 211 petitioner did not mention any prior claim submissions.  At the time she determined to deny petitioner's claim in 2015 the WBO analyst who evaluated the 2013 Form 211 was not aware of any earlier submissions in connection with petitioner's information.

Petitioner's Earlier Submissions

2002-03

On April 10, 2002, petitioner submitted a Form 211 to the IRS Service Center in Austin, Texas.  On that form petitioner wrote the name of Taxpayer 1 as

[*6] the "Name of taxpayer who committed the violation" and referenced the information that petitioner had provided to CID in the 2002 letters. Petitioner attached copies of the 2002 letters to the 2002 Form 211. On February 3, 2003, he received a letter from the IRS Midstates Region office in Memphis, Tennessee, verifying that the 2002 Form 211 had been received and was being evaluated.

2004

In October 2004 an IRS agent contacted petitioner seeking further information about the tax shelter scheme and the participants that petitioner had identified in the 2002 letters. The IRS agent had reviewed the information that petitioner provided in 2002 and requested that he provide any additional documents or details that he had available regarding the tax shelter scheme.

In November 2004 petitioner prepared with the assistance of an attorney 10 additional Forms 211, which petitioner mailed directly to the IRS agent. On each of the 2004 Forms 211 petitioner provided the name of a different participant in the tax shelter scheme as the "Name of taxpayer who committed the violation", and on each Form 211 he referred the recipient to the information that he had provided in the 2002 letters. All but one of the alleged tax violators named on the 2004 Forms 211 were individuals or entities that petitioner had identified previously in the 2002 letters. On one of the Forms 211 petitioner wrote the name

[*7] of an entity affiliated with the promoter that he had not identified specifically in the 2002 letters. In a cover letter attached to the 2004 Forms 211 petitioner's attorney wrote that the Forms 211 were intended to "solidify any prior Form 211 submission" and to "clarif[y]" "the taxpayers identified or alluded to in prior submissions dating back to April 2002".

2005

In February 2005 petitioner met with officials from the IRS and the DOJ to discuss his knowledge of the tax shelter scheme. At this meeting petitioner provided the remaining documentation that he had in his possession and answered questions from IRS and DOJ officials about all of the information and materials that he had submitted relating to the tax shelter scheme. Petitioner described this meeting as "the memory dump" and testified that the IRS and DOJ officials "wanted to quiz me on everything that I had turned in and everything that I knew about any of it, in detail." Following this meeting petitioner "personally never had communication one on one with the IRS * * * or with the [DOJ] attorneys."

2006

In a letter dated June 5, 2006, the IRS informed petitioner that his claim file had been transferred from the Memphis regional office to the IRS Service Center in Ogden, Utah, and that he should direct future inquiries regarding the status of

[*8] his claim to the Ogden campus. A letter sent from the Ogden campus dated June 21, 2006, confirmed that the Ogden campus had received petitioner's claim file and informed him that his claim had been assigned a new claim number.

On July 5, 2006, petitioner sent a letter to the Ogden campus that requested a "formal update" on his claim. In the letter petitioner requested that his claim be "expedited and a decision reached regarding early settlement of my claim."

On August 1, 2006, the Ogden campus received from petitioner's attorney additional copies of the 2002 and 2004 Forms 211. A cover letter attached to these copies stated: "We understand that your file information may be incomplete." In two letters dated August 11 and September 14, 2006, the IRS informed petitioner that his claim was still open and under active consideration.

2007

On January 29, 2007, petitioner's attorney sent a letter following up on petitioner's "request * * * for 'early payout'" (January 2007 letter). The January 2007 letter represented that petitioner's request for an "early payout" was "on the basis of the materiality of the submissions * * * previously provided to the IRS and then later supplemented, plus the amount of taxes collected by and through the IRS' abusive tax shelter settlement initiatives". Petitioner's attorney attached to

[*9] the January 2007 letter a copy of a court filing from a lawsuit brought against the promoter that petitioner had identified in the 2002 letters.

On March 7, 2007, petitioner's attorney sent another letter following up on petitioner's request for an early payout. Petitioner's attorney sent a copy of this letter to the director of the newly formed WBO. In a letter dated March 8, 2007, the IRS informed petitioner that his claim was still under consideration.

On April 23, 2007, the IRS issued a determination letter informing petitioner that his claim for an award had been denied. The letter stated that the information that petitioner provided "did not meet * * * [IRS] criteria for a reward". The letter did not state any more specific reason for the denial of petitioner's claim.

In a letter dated May 11, 2007, petitioner requested that the WBO reconsider his claim. The WBO determined not to reopen petitioner's claim. On May 16, 2007, petitioner submitted a completed Form 911, Application for Taxpayer Assistance Order, to the Office of the Taxpayer Advocate. On the Form 911 petitioner requested "reconsideration + evaluation of all Forms 211 submitted * * * inclusive of supplemental Forms 211, identifying * * * [other participants in the tax shelter scheme]". The record contains no evidence of any action or determination made with respect to petitioner's Form 911.

**[*10]**                                  Discussion

The Secretary has long had the discretion to pay awards to persons who provide information that aids in (1) detecting underpayments of tax or (2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws. Sec. 7623(a). Congress enacted the Tax Relief and Health Care Act of 2006 (TRHCA), Pub. L. No. 109-432, div. A, sec. 406, 120 Stat. at 2958, to address perceived problems with the discretionary award regime. See Whistleblower 11332-13W v. Commissioner, 142 T.C. 396, 400 (2014). TRHCA sec. 406 amended section 7623 to require the Secretary to pay whistleblower awards under certain circumstances. TRHCA sec. 406(a)(1)(D), 120 Stat. at 2959 (adding to section 7623(b)). Under section 7623(b)(1) a whistleblower is entitled to a minimum award of 15% of the collected proceeds if the Commissioner proceeds with administrative or judicial action using information provided in a whistleblower claim.[3] TRHCA also provided for the creation of a new office within the IRS, the WBO, to be primarily responsible for analyzing and investigating all claims submitted by individuals seeking awards for whistleblower information. TRHCA sec. 406(b), 120 Stat. at 2959. Claimants may appeal award

_____

[3]The award is reduced in certain circumstances. See sec. 7623(b)(2) and (3).

[*11] determinations issued by the WBO by filing a petition in this Court, and we have jurisdiction to review those determinations. TRHCA sec. 406(a)(1)(D) (codified at section 7623(b)(4)).

Petitioner contends that the IRS' first determination to deny his claim for an award in 2007 was "misleading, and * * * could not have been a valid 'determination.'" According to petitioner, the subsequent discovery of "collected proceeds" from individuals and entities that he had first identified as tax violators in 2002 caused him to resubmit his claim to the WBO for a second evaluation in 2013. Petitioner argues that the individuals responsible for evaluating his claim in 2007 wrongfully and prematurely rejected the claim by failing to consider how the information that he had provided was being or would be used against taxpayers other than Taxpayer 1. Petitioner points to the fact that the IRS never assigned separate claim numbers for the 2004 Forms 211 and alleges that proper evaluations were never completed with respect to the information that he had provided against the individuals and entities named on those Forms. Petitioner argues that he is entitled to an evaluation of the merits of his claim for an award as it relates to all taxpayers identified on the 2004 Forms 211, including the promoter.

**[\*12]**  Under the terms of the statute, our jurisdiction to review whistleblower award determinations is limited to those made on the basis of "information provided on or after the date of the enactment" of TRHCA, December 20, 2006. TRHCA sec. 406(d), 120 Stat. at 2960.  We have held previously that we have jurisdiction to consider cases in which a whistleblower provided information both before and after the effective date of section 7623(b).  See Whistleblower 11332-13W v. Commissioner, 142 T.C. 396.  In that case we held that the determinative issue is whether the whistleblower alleged facts that, if proven, would establish that the Commissioner proceeded against the targets using information that the whistleblower provided after December 20, 2006.  Id. at 403-404.

Petitioner provided most of the information that he had available regarding the tax shelter scheme and its participants in April 2002.  Viewing the alleged facts in a manner most favorable to petitioner, he provided some additional information about the tax shelter scheme to IRS and DOJ officials during the February 2005 meeting.  We conclude that none of petitioner's letters or other submissions sent after that time conveyed relevant information that he had not previously provided.

The only new information that petitioner submitted on or after December 20, 2006, was the attachment to the January 2007 letter.  Petitioner contends that

**[*13]** the letter provided "additional information" to the IRS in the form of the attached court filing. Even accepting petitioner's representations about the attachment to the January 2007 letter and that the representations in the court filing were true, we conclude that this information was not new information that could give this Court jurisdiction to consider his claim. The letter's primary purpose was requesting a payout based on "the materiality of the submissions * * * previously provided".

Because petitioner provided the information that forms the basis for his claim to an award before the enactment of section 7623(b), we lack the authority to review respondent's determination to deny that claim. Respondent's motion to dismiss for lack of jurisdiction will be granted.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order of dismissal for</u>

<u>lack of jurisdiction will be entered</u>.