# United States Tax Court

T.C. Memo. 2023-45

WHISTLEBLOWER 9252-18W,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 9252-18W.                          Filed April 3, 2023.

————

*T. Scott Tufts*, for petitioner.

*John T. Arthur* and *Kimberly A. Daigle*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: In this whistleblower award case, the Internal Revenue Service (IRS or respondent) has filed a Motion to Dismiss for Lack of Jurisdiction. Respondent first contends that the information on which petitioner's claims are based was provided to the IRS before the enactment of section 7623(b), which supplies the predicate for our jurisdiction. *See* § 7623(b)(4).[1] In any event, respondent contends that the IRS Whistleblower Office did not "proceed[] with any administrative or judicial action" on the basis of petitioner's information, *see* § 7623(b)(1), and hence that dismissal is required under *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022). Agreeing with respondent in both respects, we will grant his Motion.

—————————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

**[\*2]**                                           *Background*

The following facts are derived from the parties' pleadings and Motion papers, the Declarations and Exhibits attached thereto, and findings of fact made by the U.S. Court of Federal Claims in related litigation commenced by petitioner. *See infra* pp. 2–3.

In March 2018 petitioner filed with the IRS Whistleblower Office more than 200 claims for award. These claims, each relating to a specific restaurant, recounted information that petitioner had supplied, many years previously, as an informant to the IRS Criminal Investigation Division (CI). Beginning in 2000 and continuing through 2005, petitioner brought to the IRS's attention information about alleged underreporting of gross receipts (commonly called "skimming") by fast food restaurants connected with Target, a franchisor. In February 2002 petitioner and the IRS executed a Confidential Informant Reward Agreement (CIRA). The parties thereby agreed that, if tax liabilities were collected on the basis of petitioner's information, the IRS would pay him a specified percentage of the recovery.[2] When executing the CIRA petitioner waived the right to file a claim for award on Form 211, Application for Award for Original Information.

In August 2007 CI initiated, on the basis of petitioner's information, an undercover investigation of Target. Evaluating information obtained from the ensuing undercover meetings and from tax returns filed by the relevant businesses, CI found no evidence to corroborate petitioner's allegations. In September 2007 a CI officer completed Form 13308, Criminal Investigation Closing Report, discontinuing the investigation. The IRS civil examination function was notified of the case, but it initiated no civil examination of Target or any business related to him. The IRS therefore declined to pay petitioner a CIRA reward.

In 2011 petitioner commenced suit in the U.S. Court of Federal Claims based on the CIRA, asserting three causes of action: (1) anticipatory repudiation; (2) breach of duty of good faith and fair dealing; and (3) a request for an accounting. The litigation lasted six years and generated three opinions addressing discovery disputes. *See Confidential Informant 59-05071 v. United States*, No. 11-153C, 2016 WL 3960442 (Fed. Cl. July 21, 2016); *Confidential Informant 59-05071 v. United*

---

[2] In May 2005 petitioner and the IRS executed an amendment to the CIRA that extended through December 31, 2005, the period during which he could supply information potentially leading to a reward.

**[\*3]** *States*, 121 Fed. Cl. 36 (2015); *Confidential Informant 59-05071 v. United States*, 108 Fed. Cl. 121 (2012). In one of those opinions the court found that, "[a]t the time that [petitioner] provided information to the IRS, . . . the provision of an award under section 7623 was entirely discretionary." *Confidential Informant 59-05071*, 121 Fed. Cl. at 40.

On October 16, 2017, the Court of Federal Claims ruled in the Government's favor in all respects, granting it summary judgment on the first two causes of action and dismissing the third. *See Confidential Informant 59-05071 v. United States*, 134 Fed. Cl. 698 (2017), *aff'd*, 745 F. App'x 166 (Fed. Cir. 2018). The court held (among other things) that the IRS commenced no civil examination of any taxpayer on the basis of the information petitioner had supplied. That decision was affirmed on appeal. *See Confidential Informant 59-05071*, 745 F. App'x at 166.

On March 6, 2018, shortly after the Court of Federal Claims rendered its decision adverse to him, petitioner filed the Forms 211 at issue in this case. These claims reiterate the information he had previously supplied to CI, alleging skimming of gross receipts by 200+ restaurants allegedly connected with Target.

The Whistleblower Office acknowledged receipt of petitioner's claims and sent them to a "classifier" in the Small Business/Self-Employed (SB/SE) operating division. The role of a classifier is to "determine whether the information should be forwarded for further review. Those claims that are not forwarded for further review can be rejected or denied based on [the classifier's] rationale for not forwarding the claim." *Internal Revenue Manual* 25.2.1.3.1 (May 28, 2020) (explaining the "roles and responsibility of classification").

The SB/SE classifier recommended that petitioner's claims be rejected. These recommendations were set forth in an Award Recommendation Memorandum that was completed in April 2018. The classifier listed each of petitioner's 200+ claims restaurant by restaurant. In each case petitioner's allegation was that "[Target] is skimming cash off sales and not reporting the income." The classifier's recommendation in each case was to "Reject the Claim: Allegations are not specific, credible, or are speculative." The classifier's rationale in each case was that the "information refers to a prior claim" submitted by petitioner, that the "prior claim [was] rejected by CI," and that "no new substantial information . . . nor evidence of underreported income was submitted."

**[\*4]**    The Whistleblower Office agreed with the classifier's recommendations, and petitioner's claims were not forwarded to any IRS examination team.  On April 13, 2018, the Whistleblower Office issued petitioner a Final Decision letter rejecting his claims.  This letter explained that each claim "has been rejected because the information provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws."  On May 11, 2018, petitioner timely petitioned this Court for review of that determination.

*Discussion*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985).  Our jurisdiction in whistleblower award cases is defined by section 7623(b)(4).  It provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) [of subsection (b)] may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."  By its terms, the statute gives us jurisdiction only over determinations made under section 7623(b), which authorizes the IRS to make nondiscretionary awards.

Section 7623(b) was enacted as part of the Tax Relief and Health Care Act of 2006 (TRHCA), Pub. L. No. 109-432, § 406(a)(1)(D), 120 Stat. 2922, 2958–59.  The TRHCA was enacted on December 20, 2006.  The "effective date" provision for section 7623(b) states that it applies only with respect to "information provided on or after the date of the enactment of this Act."  TRHCA § 406(d), 120 Stat. at 2960. We have accordingly held that we lack jurisdiction to review IRS determinations regarding claims where the information on which the claims are based was submitted to the IRS before December 20, 2006.  *See Whistleblower 19860-15W v. Commissioner*, T.C. Memo. 2017-112, 113 T.C.M. (CCH) 1500, 1503; *Wolf v. Commissioner*, T.C. Memo. 2007-133, 93 T.C.M. (CCH) 1273, 1274.  On the other hand, we have held that jurisdiction may exist if the IRS proceeded against a target taxpayer "using information the whistleblower provided both before and after December 20, 2006." *Whistleblower 11332-13W v. Commissioner*, 142 T.C. 396, 402 (2014).

In this case the classifier determined that the claims at issue were based on the same information that petitioner had submitted to CI

**[\*5]** during 2000–2005. That information led in February 2002 to execution of the CIRA, which was extended (via amendment in May 2005) through December 31, 2005. Petitioner litigated his entitlement to a CIRA reward for six years in the Court of Federal Claims. That court rejected his arguments, ruling (among other things) that, "[a]t the time that [he] provided information to the IRS, . . . the provision of an award under section 7623 was entirely discretionary" because section 7623(b) had not yet been enacted. *Confidential Informant 59-05071*, 121 Fed. Cl. at 40. The classifier determined that petitioner, in the claims now before this Court, had submitted "no new substantial information . . . nor evidence of underreported income" in addition to the material to which the Court of Federal Claims referred.

Petitioner does not contend that the Forms 211 he submitted in 2018 contained any information—beyond that which he supplied to CI before December 20, 2006—about alleged "skimming" operations at the 200+ restaurants that were the subject of his claims. Rather, he asserts that we have jurisdiction because the information he supplied before December 20, 2006, was later "sought by the Service *to be corroborated* by [CI]." Petitioner contends, in other words, that our jurisdiction depends, not on when he supplied information to the IRS, but on when the IRS *used* that information, e.g., by commencing an investigation.

The statute's "effective date" provision contradicts petitioner's argument. It states unambiguously that section 7623(b) applies with respect to "*information provided* on or after the date of the enactment of this Act." TRHCA § 406(d), 120 Stat. at 2960 (emphasis added). Our opinions addressing this point likewise make clear that our jurisdiction depends on whether "the information was provided before December 20, 2006." *Whistleblower 11332-13W*, 142 T.C. at 402; *see id.* at 404 (ruling that whistleblower must allege facts "establish[ing] that [the Commissioner] proceeded against the targets using information the whistleblower provided after December 20, 2006"); *Wolf*, 93 T.C.M. (CCH) at 1274 ("Newly enacted section 7623(b)(4) . . . is made effective only for information provided to [the Commissioner] on or after December 20, 2006 . . . .").

We have likewise held that a claimant cannot avoid the effective-date bar by resubmitting to the IRS, after December 20, 2006, substantially the same information that he supplied previously. *See Whistleblower 19860-15W*, 113 T.C.M. (CCH) at 1503 (finding no jurisdiction where claimant submitted a letter in January 2007 requesting a payout on the basis of "the materiality of the submissions . . . previously

[*6] provided"). In this case it is undisputed that the information underlying petitioner's claims was supplied to the IRS well before the statute's effective date, and he submitted no relevant new information when he submitted his Forms 211 in 2018. We thus lack jurisdiction of this case.

In any event, assuming arguendo that petitioner supplied a scintilla of new information after the statute's effective date, we lack jurisdiction because the IRS took no action with respect to his claims. This case, like whistleblower award cases generally, is appealable to the U.S. Court of Appeals for the D.C. Circuit. *See* § 7482(b)(1) (penultimate sentence); *Kasper v. Commissioner*, 150 T.C. 8, 11 n.1 (2018). That court held in *Li v. Commissioner*, 22 F.4th 1014, that we lack jurisdiction to review cases (like this one) where the IRS has issued a threshold rejection of a whistleblower's claim.

As the D.C. Circuit explained in *Li*, "an award determination by the IRS [under section 7623(b)] arises only when the IRS '*proceeds* with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by [the whistleblower].'" *Id.* at 1017 (quoting § 7623(b)(1)). In this case the IRS did not "proceed[] with any administrative or judicial action" on the basis of information petitioner provided. To the contrary, the Whistleblower Office rejected his claims upon determining that "the information [he] provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws." Because his claims were rejected at the threshold, they were not forwarded to any IRS examination team for further investigation.

In short, regardless of whether petitioner is deemed to have provided his information before or after the statute's effective date, it is clear that the Secretary did not "proceed[] with any administrative or judicial action" on the basis of his information. The D.C. Circuit's decision in *Li* thus dictates that we grant respondent's Motion to Dismiss for Lack of Jurisdiction.

To implement the foregoing,

*An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction.*